# United States District Court

For the

Middle District of Florida

Jacksonville Division

Vincent S. Carthane,

Plaintiff

vs.

James V. Crosby

Robert "Bob" Butterworth

John Ellis (Jeb) Bush,

Defendants

Case Number 3:23-cv-1237-HES-JBT

Jury Trial: Yes

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

I.     The Parties to the Complaint

## A. The Plaintiff

Vincent S. Carthane
8431 74th Avenue N.
Seminole, Florida 33777
Pinellas County
(727) 557-9613
vincecarthane@yahoo.com

## B. The Defendants

Defendant No. 1

James V. Crosby
Current job title is City Clerk
209 North Thompson Street
Starke, Florida 32091
Bradford County
(904) 964-5027
Individual Capacity and Official Capacity

Defendant No. 2

John Ellis (Jeb) Bush
Former Governor of Florida and current Chairman of ExcelinEd
P.O. Box 10691
Tallahassee, Florida 32302
(850) 391-4090
Individual Capacity and Official Capacity

Defendant N0. 3

Robert (Bob) Butterworth PA
Former Florida Attorney General
1035 Adams St
Hollywood, Florida 33019-1908
(954) 873-8488
Individual Capacity and Official Capacity


## II. Basis for Jurisdiction

Under 42 U.S.C. section 1983 alleging the deprivation of rights secured by the Constitution and federal laws.

Defendants acted under color of law and deprived plaintiff of his 4th, 5th and 6th Amendment rights and violated 18 U.S.C. section 1581 prohibiting human trafficking.

## III. Statement of Claim

I contend this complaint is filled with extraordinary circumstances - beginning with newly discovered evidence of me, the plaintiff, being a victim of human trafficking by prison officials from 1991 to 2008. And I contend the facts will show this is a case of actual innocence due to the ABSENCE of any aggravating factors that prison officials illegally ignored and still increased my release date many years instead of doing their color of law duty to send plaintiff back to the sentencing court to complete the legally required sentencing paperwork, which would justify this complaint receiving equitable tolling in response to defendant's potential claims of the statute of limitations being expired.

Since plaintiff is no longer in custody, he cannot file a habeas corpus petition. So this 1983 Civil Rights Complaint represents the plaintiff's only chance to get some type of justice from suffering a gross miscarriage of justice.

My newly discovered evidence begins with the attached May 22, 2023 news article (Exhibit A) about Florida Governor Ron DeSantis signing new bills (including SB 7064) to combat human trafficking in Florida. In that article, Robin Hassler Thompson, an executive director of an Advocacy Center made this evidentiary statement: "... people say 'See something, say something'. Well, if you don't know what you're looking at, if you think only... immigrants are being trafficked and American citizens are being trafficked, you're not going to see them."

Since the State of Florida prison officials and their highly visible executive office supervisors are public servants and sworn to uphold all the laws, they do not have any kind of modern day reputation of human trafficking. As a result, plaintiff never knew his circumstances fit the description of him being a victim of human trafficking until the quoted evidentiary statement caused him to look up the definition of human trafficking, which is far different than an illegal sentencing issue that prison officials often fraudulently indicated was the ONLY issue between

him and the sentencing court.

Plaintiff's claim as a victim of human trafficking is based on the 4th, 5th and 6th Amendments being grossly violated - as reflected by the correlating administrative statutory law that defendants repeatedly ignored with malicious intent and violated under color of law.

LAW: "The Department (of Corrections) shall also refuse to accept a person into the state correctional system, unless the following documents are presented in a completed form... a copy of the sentencing guidelines scoresheet... "
- section 944.17 (5)(e) Florida statutes
   Uniform commitment form requirements 1997 edition cited

Florida Statute 944.17 (5)(e) correlates with the 4th Amendments protection from unreasonable seizure by the government. It also correlates with plaintiff's 5th Amendment due process rights that were maliciously ignored because the omitted sentencing information also violated Plaintiff's 6th Amendment right to have documentation of some kind of aggravating factors that prison officials needed to set plaintiff's release date far beyond the sentencing guidelines.

Be aware that the Florida Supreme Court at Sykes v. State 974 so. 2d 1133 (2008) acknowledges Florida statute 944.17 (5)(e) is not a collateral attack on the judgement and sentence because it's an administrative law aimed at the check and balance responsibilities of the Defendants in the executive branch of government to protect people from being imprisoned by judicial misconduct that results in a blatant miscarriage of justice. Ironically, Melvin Sykes and the plaintiff are both black Americans and appear to be the only ones with case law precedence seeking relief from this obscure administrative statute that corresponding criminal laws do not reference. So these civil rights violations, on its face, presents racial bias or disparate impact discrimination against Black Americans.

Besides the forced labor legally imposed by prison officials, the key issue that differentiates the human trafficking crime from illegal sentencing is when prison officials participate in sentencing fraud. When I was first taken from jail to prison, I've never forgotten that a classification officer told me "don't tell anybody I told you this, but you're not supposed to be here". I had no idea what he was talking about at the time because I didn't know prison officials had illegally accepted me with incomplete sentencing papers, which seems to be the equivalent of a bank committing fraud by cashing a check that's missing required information. On the copy of my attached sentencing scoresheet (Exhibit B), notice it's not dated and does not contain required written reasons to justify the orally pronounced departure sentence of 30 years. And the sentencing court committed fraud again by checking the box "plea" because I went to trial. I contend these malicious due process violations and acts of fraud are why the judge failed to perform his color of law duty in signing the scoresheet, which was an extraordinary act of judicial

misconduct often downplayed by officials as just being mere scrivener's errors.

LAW: "... the defendant score sheet must be approved and signed by the sentencing judge."
   - section 921.0014 (8) Florida statutes (1991 edition)

I contend the ABSENCE of the statutory and 5th and 6th Amendment required aggravating factors on the sentencing scoresheet triggers the definition of my extraordinary circumstance claim of ACTUAL INNOCENCE because that refers to the failure of the prosecution to prove ALL relevant elements of a charged crime beyond a reasonable doubt.
The Florida Attorney General's office has the color of law duty to protect the people of Florida from fraud. And besides the Sykes v. State case, in my own case of Carthane v. Crosby 776 So. 2d 964 (Fla 1st DCA 2000), the Florida Attorney General's office stayed silent instead of arguing their previous formal opinion given long ago on this same topic.

WITNESS: "... the papers, which accompany a prisoner to the reception and classification center of (D.O.C) are necessary to complete a criminal proceeding by carrying out the execution of the sentence... "
   - Florida Attorney General Opinion 059-62, 3-18-59

When prison officials accept a person with incomplete sentencing papers AND THEN set a tentative release date for that person, I contend prison officials illegally impose their own sentence on that person, which is why the statute tells them do not accept them into state custody (and risk being liable for human trafficking violations).
While filing administrative grievances about section 944.17 (5)(e) not being enforced by prison officials, James Crosby, who was then warden at Florida State Prison, committed fraud by telling my pen pal on the attachment (Exhibit C) that the requirement not to accept a person in prison without complete sentencing papers pertained to inmates on work release. And Mr. Crosby plainly indicated that this issue was ONLY between the plaintiff and the courts to address. Now It's relevant to note that James Crosby reportedly started his career as a classification officer before being promoted to warden and then promoted to Secretary of the Department of Corrections - until he was fired by Governor Jeb Bush and convicted and sent to prison himself for 7 years for taking kickbacks from the prison commissaries that profit off the labor and sales to prisoners. Such well documented and proven abuse of power by a prison official directly involved in fraudulently violating my previously stated constitutional rights specified through Florida Statute 944.17 (5)(e) presents another extraordinary circumstance for the greater interest of justice that should toll any statute of limitations claims and allow this complaint of human trafficking violations to be heard and decided by a

jury.

I contend the Defendants, James V. Crosby, Jeb Bush and Bob Butterworth all acted under color of law in their official and individual capacity while state employees - or failed to do their color of law duty to enforce the stated laws and protect plaintiff from being a victim of human trafficking.

### IV. Injuries

Plaintiff contends he suffered 17 years of being a victim of human trafficking by prison officials. Plaintiff suffered great mental anguish in prison and again whenever people told him "they can't do that to you" when shown all the statutory laws being ignored. The long years in prison caused long lasting conflict and divide from the plaintiff's relatives and deprived him of an opportunity to have a career to better prepare himself for his retirement years. Plaintiff also suffered a broken jaw and a stroke while being a victim of human trafficking.

### V. Relief

Plaintiff seeks the apparent maximum compensatory damages of $2 million dollars in the wrongful imprisonment compensation laws (Exhibit D). Plaintiff also seeks an additional $30 million in punitive damages plus any reasonable attorney fees and costs.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 16, 2023

Signature of Plaintiff

Printed Name of Plaintiff: Vincent S. Carthane

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City    State    Zip Code

Telephone Number

E-mail Address

## CERTIFICATE OF SERVICE

I, Vincent S. Carthane, petitioner, certifies that a copy of the attached 1983 Civil Rights Complaint has been sent by certified US postal mail to each of the defendant's address listed within this complaint on this 16th day of October 2023.

Sincerely,

Vincent S. Carthane